■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMANUEL DELVECCHIO, Appellant. [620 NYS2d 283] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered February 6, 1992, convicting him of assault in the first degree, grand larceny in the

third degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his guilt of assault in the first degree was not proven beyond a reasonable doubt since the complainant's injury to her shoulder did not cause protracted impairment of health and because a shoulder is not a bodily organ within the meaning of the Penal Law. We disagree. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of assault in the first degree beyond a reasonable doubt. A person is guilty of assault in the first degree when "[i]n the course of and in furtherance of the commission or attempted commission of a felony or of immediate flight therefrom, he, or another participant if there be any, causes serious physical injury to a person other than one of the participants" (Penal Law § 120.10 [4]). "Serious physical injury" is defined as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]). In the present case, the testimony of the victim and the doctor who treated her was sufficient to support a finding of "serious physical injury" so as to sustain the defendant's conviction of assault in the first degree. Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.